## WHITFORD vs. FLANDERS.

Where a plaintiff replies to a plea in abatement, and the defendant demurs to the replication, the plaintiff should conclude his joinder in demurrer with a prayer that the defendant answer over, and not for judgment in chief.

TROVER, for a cow. The defendant pleaded in abatement, because, at the time of the supposed loss and conversion the plaintiff had no interest or property in the cow, unless jointly and undividedly with one G. D. W., who was still alive, viz. : at Nashua, in said county.

The plaintiff replied that the defendant was clerk of a militia company ; that G. D. W. was a private in the company, duly enrolled, &c., and, being warned to do military duty on a certain day, neglected to appear ; that the captain of the company issued his warrant to the defendant for a collection of a fine for that neglect ; that G. D. W. was the owner at the time of one half of the cow, and the plaintiff of the other half, as tenants in common, and that the defendant by virtue of the warrant seized and sold the cow as the sole and exclusive property of G. D. W.

The defendant demurred to the replication, and the plaintiff joined in the demurrer, praying judgment, and his damages, by reason of the premises, to be adjudged to him.

*Abbot & Fox*, for the defendant.

*Farley*, for the plaintiff. The question is, what judgment is to be rendered. In 1 *Chitty's Pl.* 499, it is said, if there is a plea in abatement, replication and issue, and the jury find for the plaintiff, they should assess the damages. Here is a plea in abatement, replication and demurrer to it. The demurrer admits the facts, and the case is, therefore, as if the replication was found to be true by the verdict of a jury.

PARKER, C. J. The authorities show that the judgment

must be that the defendant answer over. If there be an issue of fact, or a plea in abatement, and a verdict for the plaintiff, the judgment is peremptory that he recover ; and the jury should assess the debt or damage. But upon demurrer to the plea in abatement, or to a replication to such a plea : that is, if there be an *issue of law ;* judgment for the plaintiff is not final, but merely that the defendant answer over. *Howe's Practice* 215. It has been adjudged that when the plaintiff replies to a plea in abatement, and the defendant demurs to the replication, the plaintiff must not conclude his joinder in demurrer with praying judgment of his debt or damages ; for to conclude in chief is wrong ; but the plaintiff must pray that he may answer over. 2 *Saund.* 210, *g, note ; Carthew* 137, *Bisse* vs. *Harcourt ;* 1 *Show.* 155, *S. C. ;* 1 *Salk.* 177, *S. C.* The defendant pleaded in abatement, no such person as the plaintiff *in rerum natura.* Plaintiff replies that there is, at Westminster. Defendant demurs. Plaintiff joins in demurrer, and prays judgment and his damages, which being in chief is wrong, for it ought to be *that he may answer over.* The plaintiff had leave to move to amend on payment of costs. 1 *Wils.* 302, *Anonymous.* The defendant pleaded his privilege as an attorney. The plaintiff replied, not an attorney, and concluded to the country. On demurrer, judgment in chief was entered for the plaintiff, but reversed on error, because, being on demurrer, the most the plaintiff could have was *respondeas ouster.* 1 *Strange* 532, *Barker* vs. *Forrest ;* see, also, 1 *East* 542, *Bowen* vs. *Shapcott.*

From the case in *Carthew* it seems that the defendant is required by the judgment to answer over to the plaintiff's writ, and not to the replication. If that be so, the effect of the judgment upon a demurrer to the replication sustaining the replication is, that the plea is overruled.

It may appear singular that the rules of pleading should give the defendant such an opportunity to create delay as is shown by the cases cited from 1 *Wils.*, and from *Strange.*

The replications in those cases were clearly sufficient answers to the matter of the pleas, being a direct denial of the truth of the matter relied upon to abate the writ. But it may be said that the privilege of the plaintiff to demur to the defendant's plea in abatement, at the risk only of a judgment that he answer over, may be also liable to abuse ; and that a privilege which is granted to one party should be extended to the other.

Whatever may be the merits and demerits of the rule, it seems to be well settled by authority ; and this is a case where authority, well settled, is conclusive. The defendant's counsel are satisfied that the demurrer cannot be sustained in this case, although the replication, instead of denying the matter of the plea, confesses and avoids it. But, on the authorities cited, the conclusion of the plaintiff's joinder is not formal. He should have prayed judgment that the defendant answer over, instead of praying judgment in chief.

Let the plaintiff amend, without costs, and the judgment be entered according to the prayer of the joinder in demurrer, as amended.